**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETRA MARTINEZ; STANLEY
ATKINSON,

No. 19-16268

D.C. No. 5:18-cv-02869-LHK

Plaintiffs-Appellants,

v.

MEMORANDUM[*]

AMERICA'S WHOLESALE LENDER,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted June 2, 2020[**]

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Petra Martinez and Stanley Atkinson appeal pro se from the district court's

judgment dismissing their diversity action alleging state law claims arising out of

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a district court's dismissal based on res judicata.  *Stewart v. U.S.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly determined that the requirements for diversity jurisdiction were met, as the amount in controversy was over $75,000.00 and all parties were citizens of different states. *See* 28 U.S.C. § 1332(a), (c)(1) (setting forth requirements of diversity jurisdiction and explaining that for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (explaining that a corporation's "principal place of business" is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

The district court properly dismissed plaintiffs' action as barred by the doctrine of res judicata. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 884 (9th Cir. 2007) (in diversity cases where only substantive state law is at issue "we apply the preclusion law that the [state court which issued the first judgment] would apply"); *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 306-07 (Cal. 2002) (California's doctrine of res judicata).

We reject as meritless plaintiffs' contention that defendants committed "fraud upon the court."

We do not consider matters not specifically and distinctly raised and argued

19-16268

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**